# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Brian Austin Katonak, Respondent.

Appellate Case No. 2023-001936

---

Opinion No. 28209
Submitted June 4, 2024 – Filed June 20, 2024

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., Assistant
Disciplinary Counsel Jeffrey Ian Silverberg, and
Assistant Disciplinary Counsel Kristina Jones Catoe, all
of Columbia, for the Office of Disciplinary Counsel.

Brian Austin Katonak, of Aiken, pro se.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct and consents
to the imposition of a public reprimand or a definite suspension of up to six
months. We accept the Agreement and issue a public reprimand. The facts, as set
forth in the Agreement, are as follows.

## I.

By opinion dated December 15, 2021, this Court suspended Respondent from the
practice of law for a definite period of one year as sanction for his misconduct in

eight client-related matters. *In re Katonak*, 435 S.C. 272, 866 S.E.2d 812 (2021). Respondent's misconduct in this case occurred in approximately the same time frame as the misconduct for which he was previously suspended, and he has not been reinstated from that disciplinary suspension. The current Agreement involves three complaints of additional misconduct that occurred immediately prior to and immediately after Respondent's December 15, 2021 suspension.

*Matter A.*

On March 19, 2022, ODC received R.W.'s allegations of misconduct against Respondent, who represented R.W. in a divorce case. R.W. retained Respondent in July 2021 and paid him $1,040 to prepare and file divorce proceedings. Respondent filed a Summons and Complaint for divorce with the Lexington County Family Court on July 12, 2021. The process server completed an affidavit of non-service on August 10, 2021, after he was initially unable to serve the Defendant on August 8, 2021. However, Respondent subsequently received notification from his process server on August 31, 2021, that the Defendant had been served the Summons and Complaint on August 26, 2021. Respondent never filed the affidavit of service with the Clerk of Court. Instead, Respondent subsequently filed a request for a hearing on October 1, 2021, which included the August 10, 2021 affidavit of non-service.

The Lexington County Family Court notified Respondent on December 15, 2021 that a hearing was scheduled in R.W.'s case for January 5, 2022. This notice was issued the by the family court the same day that Respondent was suspended from the practice of law. R.W. denies ever receiving notice from Respondent about the January 5, 2022 hearing, and Respondent does not have any documentary evidence showing that he or his assistant notified R.W. of the hearing. Respondent also does not have any documentation that he notified R.W. of his suspension. Respondent failed to keep R.W. reasonably informed about the status of his case. Respondent also failed to take steps reasonably practicable to protect R.W.'s interests upon Respondent's suspension.

Neither Respondent nor R.W. appeared at the hearing on January 5, 2022, and the presiding judge dismissed the action. The order of dismissal states that the case was dismissed because neither party appeared and that the court lacked jurisdiction to issue an order, noting the affidavit of non-service in the case file.

Respondent admits that his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring a lawyer to keep a client reasonably informed about the status of a matter); and Rule 1.16(d) (requiring a lawyer, upon termination of representation, to take the steps reasonably practicable to protect a client's interests).

*Matter B.*

On August 22, 2022, ODC received F.W.'s allegations of misconduct against Respondent, who represented F.W. in a family court case. F.W. hired Respondent in January 2021 to file an action to modify his court-ordered child support. Respondent subsequently filed a Summons and Complaint with the Aiken County Family Court for modification of child support based upon a change in circumstances. A hearing for temporary relief was held in February 2021, and a temporary order was filed on April 29, 2021. The temporary order reduced F.W.'s child support obligation and required both parties to send discovery within thirty days, with a goal of mediating the case by the end of May 2021.

Mediation did not occur in May 2021. Meanwhile, F.W. as deployed out of the country between May 29, 2021, and August 2021. Upon F.W.'s return, F.W. contacted Respondent numerous times between August 2021 and December 2021 for an update on his case without any response. Respondent failed to respond to F.W.'s reasonable requests for information about his case and failed to keep F.W. reasonably informed about the status of his case.

F.W. received an email from Respondent on December 21, 2021, stating that Respondent had been suspended from the practice of law on December 15, 2021, and instructing clients how to retrieve their files from Respondent's office. F.W. responded to the email, requesting to arrange a time to pick up his file. F.W. subsequently requested that his file be mailed to him. Respondent never complied with F.W.'s request that the file be mailed.

In February 2022, the Aiken County Family Court issued an order dismissing F.W.'s case because a final hearing was not held within 365 days after the filing of the complaint. As a result, F.W.'s child support obligation increased to the amount

ordered prior to April 22, 2021. At no point during the representation, or upon his suspension, did Respondent advise F.W. that if a final hearing was not scheduled within a year, the case would be dismissed and the amount of F.W.'s child support payments would increase.

Respondent admits that his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence); Rule 1.4 (requiring a lawyer to keep a client reasonably informed about the status of a matter); and Rule 1.16(d) (requiring a lawyer, upon termination of representation, to take the steps reasonably practicable to protect a client's interests).

*Matter C.*

On January 11, 2023, ODC received a complaint from S.D. that Respondent had mishandled her husband T.S.'s criminal case. T.S. hired Respondent in April 2021. Respondent communicated his representation of T.S. to the solicitor's office but never filed a notice of appearance with the Court. Respondent subsequently received notification from the Eleventh Circuit Solicitor's Office that T.S. was required to appear for a roll call on August 30, 2021. Respondent drafted a letter advising the solicitor's office that he had a conflict and would be unable to attend the roll call; however, it is unclear whether the letter was received by the solicitor's office.

S.D. maintains that Respondent never communicated to T.S. that he had to attend the August 30, 2021 roll call. Respondent does not have any documentary evidence that he communicated with T.S. about the need to attend the roll call. T.S. did not attend the roll call, and a bench warrant was subsequently entered for his failure to appear. Respondent was not aware of the bench warrant because Respondent had never filed a notice of appearance on behalf of T.S. Thus, Respondent never advised T.S. that the bench warrant had been issued.

On December 15, 2021, Respondent was suspended from the practice of law. T.S. was arrested on the bench warrant in January 2023 and was incarcerated at the time the complaint was submitted to ODC. According to the public index for T.S.'s criminal matter, T.S. subsequently pled guilty and received a time-served sentence.

In addition to failing to file a notice of appearance on behalf of T.S., ODC's investigation revealed Respondent also failed to file a request for information pursuant to Rule 5, SCRCrimP, and that Respondent failed to notify T.S. of his suspension.

Respondent admits that his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence); and Rule 1.4 (requiring a lawyer to keep a client reasonably informed about the status of a matter).

## II.

Respondent also admits his misconduct as set forth above constitutes grounds for discipline under Rule 7(a)(1), Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline).

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**